IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00206-CR

 

Willie Edward Davis,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 06-01284-CRF-85

 



CLARIFICATION OF MARCH 25, 2009 ABATEMENT ORDER










 

            In August of 2008, this appeal was
abated for a hearing regarding Davis’s recusal motion.  The hearing was held on
February 13, 2009, Judge Magre presiding.

            In an effort to expedite the
disposition of the appeal, given the delay caused by the abatement, we sua
sponte reinstated the appeal and set a briefing schedule on March 3, 2009.  We
did this after learning the recusal hearing had been held and a ruling
rendered.  We were not aware of any other pending matters.

            On March 6, 2009, we received a copy of
a letter from Davis’s attorney, Richard Wetzel, to Judge Magre as follows:

            I have received notice from the Court
of Appeals that the above styled and numbered cause was reinstated on the
Court’s docket on March 3, 2009.  It is both conventional wisdom and the law
that no two courts can have jurisdiction over the same case at the same time. 
See Tex. R. App. P. 25.2(g).  In view of the action by the Court of Appeals, I
do not believe you have jurisdiction in this case any longer.

 

            Any further disputes concerning the
Commission on Judicial Conduct’s failure to comply with your previous order can
now be resolved by Chief Justice Tom Gray and Justices Reyna and Davis.  Thank
you for your attention and cooperation in this matter.

 

It appeared to the Court, based upon the content
of Wetzel’s letter to Judge Magre, that Wetzel did not believe all the issues
had been resolved but that, due to the reinstatement of the appeal, Judge Magre
no longer had jurisdiction to resolve any of the remaining issues.

            In our effort to expedite the appeal
by reinstating it before the parties requested reinstatement, we had apparently
prematurely cut off the trial court’s jurisdiction before all the pending
issues were resolved.  We, therefore, returned jurisdiction to the trial court
by again abating the appeal.  Davis has now moved for clarification of the
abatement order stating

Counsel for appellant [Wetzel] is at a loss to
know what the Court learned, who it learned it from, when it learned it, and
what issues are in need or may be in need of resolution by the trial court.

 

The Court now clarifies its prior order.

            We received a copy of the March 6,
2009 letter quoted at length above from Wetzel to Judge Magre.  We presumed,
based upon the content of that letter, that some issues remained unresolved;
otherwise, we saw no need for the letter.  Accordingly, out of respect for the
structure of the judicial system and deferring to the preference to have all
appropriate disputes first ruled on by the trial court, we put the trial court
back in a position to decide the disputes that generated the March 6, 2009
letter from Wetzel to Judge Magre.  Further, we stated we would await
reinstatement of the case until we were notified by the trial court or the
parties that the case was ready to proceed on appeal.

            With this clarification, we continue
to await notification from the trial court or motion by the parties that the
issues, whatever they were, inferentially referred to in the March 6, 2009
letter, were resolved and that the appeal is ready for reinstatement.

            On May 12, 2009, appellant filed a
second motion to clarify the abatement order in which he noted we had not ruled
on the first motion, and implied that we failed to comply with our duties by
failing to timely rule on his first motion.  Because the appeal is abated, we
have no jurisdiction, at this time, to rule on any pending motions but,
nevertheless, provide this clarification to the confusion created by the March
6, 2009 correspondence.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Clarification
of Abatement Order delivered and filed June 3, 2009

Do
not publish